## 36222. GLOVER v. JONES.

MARSHALL, Justice.

Through the writ of habeas corpus, the appellant seeks to be released from detention and to set aside his conviction of child abandonment, which was entered on a guilty plea. The appellant argues that he was denied the right to assistance of counsel and that the guilty plea was not knowingly and voluntarily entered.

The appellant was arrested on a warrant sworn out by Annette Jackson, which charged him with abandoning his putative daughter, Devea Lanette Jackson.

On the morning of the trial, the appellant appeared before the trial judge and made a request that he be appointed counsel to represent him on the ground that he was indigent. Upon ascertaining from the appellant that he had recently become employed, the trial judge denied the appellant's request for appointment of counsel, and the trial judge informed the appellant that he would have to either represent himself or hire his own lawyer. The appellant appeared for trial that afternoon, and he informed the prosecuting attorney that he was not going to hire a lawyer and that he would plead guilty.

The transcript from the guilty plea hearing shows that the appellant had fathered several illegitimate children. He denied paternity as to some, and he admitted

paternity as to others. He was questioned as to several of his alleged illegitimate children, and, as to Annette Jackson's child, he testified that he did not think that this child was his own. The prosecuting attorney then stated to the trial judge that the accusation on this one was pending.

It thus affirmatively appears from the guilty plea transcript that when the appellant pleaded guilty to abandoning Annette Jackson's child, he did not understand to which charge he was pleading guilty. The state has therefore failed to carry its burden of proving that the guilty plea was knowingly and voluntarily entered. Boykin v. Alabama, 395 U. S. 238, 244 (89 SC 1709, 23 LE2d 274) (1969).

The judgment denying the writ of habeas corpus is reversed.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 16, 1980 — DECIDED JUNE 10, 1980.

*James C. Bonner, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.